FILED
02 AUG 19 PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 19 200?

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DOUGLASS W. PEGUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-01-S-0672-NE |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment. Plaintiff alleges that his employer — The Boeing Company — discriminated and retaliated against him on the basis of his race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Because "[b]oth of these statutes have the same requirements of proof and use the same analytical framework," this court "explicitly address[es] the Title VII claim with the understanding that the analysis applies to the § 1981 claim as well." *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Upon consideration of the motion, briefs, evidentiary submissions, and pleadings in such manner, the court concludes that defendant's motion is due to be granted. This court makes its findings, in significant part, on the strength of defendant's arguments and evidence that substantiate the lack of support for plaintiff's discrimination and retaliation claims, and further on plaintiff's failure to offer sufficient direct or circumstantial evidence for, or case law authority supporting, his claims.

The court is first unconvinced that plaintiff has met his burden of proving that his claims were timely filed according to the statutory requirements of Title VII and 42 U.S.C. § 1981. Even if plaintiff's claims are timely, however, this court is further of the opinion that plaintiff has failed

to demonstrate a prima facie case of race-based discrimination. Defendant has offered legitimate nondiscriminatory reasons for promoting Mr. Tichenor, rather than plaintiff, to the parts, materials, and processes ("PM&P") managerial job, in that Mr. Tichenor was selected for the job because he was the highest-scoring applicant.[1] Plaintiff's evidence and authority is not sufficient to suggest that this reason is merely pretextual.

This is similarly the case with plaintiff's argument that defendant denied him "access to appropriate training programs."[2] Defendant offers legitimate nondiscriminatory reasons for the alleged denial of access: *e.g.*, plaintiff asserts that defendant's employees failed to nominate him to participate in management training programs, but defendant's evidence demonstrates that entry into such training programs did not require any such nomination or managerial approval, and were instead self-nominating.[3] Defendant's evidence further shows that plaintiff has not nominated himself for such managerial training in at least the past five years.[4]

Finally, Plaintiff briefly alleges a wage disparity claim under Title VII, but fails to offer substantive argument or authority in support of this claim. Accordingly, defendant's motion as to plaintiff's discrimination claims under Title VII and § 1981 is due to be granted, and all of plaintiff's claims in this regard are due to be dismissed.

Plaintiff also alleges that defendant retaliated against him in response to plaintiff's past, internal complaints of discrimination, in violation of Title VII and § 1981. Again, the court is first

---

[1] *See* Brief in Support (doc. no.26), at 30.

[2] *Id.* at 31.

[3] *See id.*

[4] *See id.*

2

unconvinced that plaintiff's claims are timely, due to plaintiff's failure to demonstrate that his retaliation claim was filed within the statutory period. Even if plaintiff's claims in this regard are timely, however, the court concludes that plaintiff has not put forth sufficient evidence to satisfy the prima facie elements of a retaliation claim.

Plaintiff has not, for example, demonstrated that defendant's internal reorganization during February of 1999 amounted to an adverse employment action, because he suffered no "material and adverse change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001). While defendant's internal reorganization did require plaintiff to report to different supervisory employees, plaintiff was not demoted, and did not suffer a decrease in compensation or loss in benefits.[5]

Plaintiff also cannot show that there exists a causal connection between any alleged adverse employment action (namely the alleged change in his duties following the February 1999 reorganization), and plaintiff's previous internal discrimination complaints (the last of which was made in October of 1997).[6] A lack of temporal proximity is fatal to plaintiff's attempt to demonstrate causation as to this claim.

Even if plaintiff were able to make out a sufficient prima facie showing, however, defendant has offered legitimate nondiscriminatory reasons for its reorganization, in that defendant reorganized in order to address "overall performance problems in the Project, including increased costs, erosion in schedules, and a decrease in the number of outstanding contracts."[7]

---

[5] *See id.* at 33.

[6] *See id.* at 34-35.

[7] *Id.* at 35.

3

Finally, plaintiff asserts that his job duties were eliminated, his office was taken from him, his job position was improperly "coded" as a non-managerial position, and that he received negative performance evaluations from his supervisors in retaliation for plaintiff's past internal complaints of discrimination. For the reasons detailed in defendant's brief, the court agrees that plaintiff has not made out a prima facie case for retaliation on these claims.[8] Consequently, defendant's motion is due to be denied as to all of plaintiff's claims for retaliation, and plaintiff's claims in this regard are due to be dismissed.

An appropriate order shall be entered contemporaneously herewith.

DONE this 19th day of August, 2002.

_____
United States District Judge

---

[8] *See id.* at 36-46.